**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Rita Nunez, individually and on behalf of all others similarly situated, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 13 C 8810 |
| Debt Recovery Solutions, LLC, a New York limited liability company, | ) | |
| Defendant. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Rita Nunez, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Rita Nunez ("Nunez"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally for a cell phone bill.

4. Defendant, Debt Recovery Solutions, LLC ("Debt Recovery") is a New York limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. In fact, Debt Recovery was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

5. Defendant Debt Recovery is authorized to conduct business in the State of Illinois, and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Debt Recovery conducts business in Illinois.

6. Moreover, Defendant Recovery is licensed as a collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Debt Recovery acts as a debt collector in Illinois.

**FACTUAL ALLEGATIONS**

7. Defendant sent Ms. Nunez an initial form collection letter, dated February 6, 2013, attempting to collect a delinquent consumer debt she allegedly owed originally for US Cellular cell phone account. This letter twice stated, in pertinent part, that the "Total Balance Due" was $116.79, but then stated that this amount was comprised of a "(Balance of $100.00 plus contractual late fee of $33.09)", which would actually result in a total balance of $133.09. A copy of this letter is attached as Exhibit A.

8. All of the collection actions at issue occurred within one year of the date of this Complaint. Moreover, Defendant's collection communications are to be interpreted

under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False Statement Of The Amount Of The Debt**

9. Plaintiff adopts and realleges ¶¶ 1-8.

10. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of any debt, including the false presentation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

11. The amounts set forth Defendant's form collection letter cannot both be right: either the amount of the debt is $116.79, or it is $133.09. Thus, Defendant has falsely stated the amount of the debt it was attempting to collect, in violation of § 1692e(2)(A) of the FDCPA.

12. Defendant's violation of § 1692e(2)(A) of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692g(a)(1) Of The FDCPA –**
**Failure To State Adequately The Amount Of The Debt**

13. Plaintiff adopts and realleges ¶¶ 1-8.

14. Section 1692g(a)(1) of the FDCPA requires that the debt collector, within 5 days of its first communication to a consumer, provide the consumer with a statement of the amount of the debt that it is seeking to collect, see 15 U.S.C. § 1692g(a)(1).

15. Defendant's letter, by stating two different amounts for the debt -- $116.79 and $133.09 – would leave any consumer, let alone an unsophisticated consumer, not

knowing the amount of the debt Defendant was actually trying to collect. Thus, Defendant failed to state adequately the total amount of the debt they were seeking to collect, in violation of § 1692g(a)(1) of the FDCPA.

16. Defendant's violation of § 1692g(a)(1) of the FDCPA renders it liable for statutory damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

17. Plaintiff, Rita Nunez, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed originally for a Cellular One account, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, wherein the stated "Total Balance Due" was different than the amounts set forth for the composition of the balance, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18. Defendant regularly engages in debt collection, using the same form collection letter that it sent Plaintiff Nunez, in its attempts to collect delinquent consumer debts from other persons.

19. The Class consists of more than 40 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent Plaintiff Nunez.

20. Plaintiff Nunez' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the

Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

21. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

22. Plaintiff Nunez will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Nunez has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

**PRAYER FOR RELIEF**

Plaintiff, Rita Nunez, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Nunez as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Nunez and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Rita Nunez, individually and on behalf of all others similarly situated, demands trial by jury.

Rita Nunez, individually and on
behalf of all others similarly situated,

By: /s/ David J. Philipps___________
One of Plaintiff's Attorneys

Dated: December 10, 2013

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com